WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chester Lee Marks, | No. 05-3757-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Louis Frank Dominguez, et al., | |
| Defendant. | |

Pending before the Court is Plaintiff Chester Lee Marks' Motion to Proceed In Forma Pauperis. For the following reasons that motion will be granted. However, due to defects in Plaintiff's complaint this action will be dismissed without prejudice.

**BACKGROUND**

Plaintiff's complaint names as defendants a variety of judges, prosecutors, and defense attorneys. All of the named defendants allegedly have some connection to state criminal proceedings against Plaintiff. According to documents attached to Plaintiff's complaint, on May 8, 2003 Plaintiff was found guilty of misdemeanor assault by Municipal Court Judge Louis Frank Dominguez. On July 31, 2003, Plaintiff was sentenced to "90 days in jail (30 days suspended)" but that sentence is "continued until resolution of post-conviction proceedings." (Exhibit 1, page 2) Plaintiff filed a Petition for Post-Conviction Relief with the Municipal Court. (Exhibit 1) That petition was denied. (Exhibit 3) Plaintiff then filed

a "Petition for Review" in Maricopa County Superior Court. That was also denied. (Exhibit 4) An appeal was then filed in the Arizona Court of Appeals. (Exhibit 5) That appeal was dismissed. (Id.) Finally, Plaintiff requested the Arizona Supreme Court review his case. The court declined to do so. (Exhibit 6) Plaintiff then filed this federal action and included a request to proceed in forma pauperis.

In his complaint, Plaintiff alleges that he was denied his constitutional rights during his state trial. Specifically, Plaintiff believes that he was not provided effective assistance of counsel. (Complaint at 3) Plaintiff asks this Court "to render a decision or order in favor of the Plaintiff reversing all Ruling[s], Decision[s], and Order[s]" by the judges involved in his case and to remand the case to Phoenix Municipal Court for further proceedings. (Complaint at 5) It appears that when Plaintiff filed this action he was not incarcerated.

## ANALYSIS

Title 28 U.S.C. § 1915(a) states that any Court of the United States may authorize the commencement, prosecution, or defense of any civil or criminal action without prepayment of fees and costs or security therefor "by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." Pursuant to section 1915(a), the Court will grant Plaintiff's Application and allow the action to proceed without prepayment of the applicable fees or security therefor.

Section 1915(e)(2) also provides, however, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." Plaintiff's complaint does not clearly state the basis for his action. Plaintiff is, however, proceeding *pro se* and "courts must construe *pro se* complaints liberally." Bogovich v. Sandoval, 189 F.3d 999, 1001 (9th Cir. 1999). Construing his complaint liberally, the Court concludes that Plaintiff is challenging the validity of his state court conviction. Plaintiff believes that he did not receive effective assistance of counsel during his trial and, therefore, his conviction is invalid. It has long been the law that "a prisoner

must bring a habeas petition if the nature of the claim is such that it would necessarily imply the invalidity of the prisoner's conviction or continuing confinement." Bogovich, 189 F.3d at 1002. See also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Accordingly, Plaintiff's complaint will be construed as a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) (observing court should construe unclear challenge to fact or duration of confinement as a petition for habeas corpus).

In his complaint, Plaintiff names ten individuals as defendants. Those individuals include the Municipal Court Judge that presided at his trial, two city prosecutors, two public defenders, one private attorney, a Superior Court Judge, a Court of Appeals judge, and two Justices of the Arizona Supreme Court. None of the named defendants is a state officer having custody of Plaintiff. According to the Rules Governing Section 2254 Cases in the United States District Courts, Plaintiff should have named the state officer having custody of Plaintiff.[1] 28 foll. U.S.C. § 2254 Rule 2. Plaintiffs failure to name the proper individual deprives this Court of jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.") Thus, Plaintiff's complaint will be dismissed with leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (dismissals pursuant to 28 U.S.C. § 1915(e) should be with leave to amend).

Accordingly,

---

[1] "For a federal court to have jurisdiction over a habeas petition filed by a state prisoner, the petitioner must be 'in custody.'" Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001). The documents submitted by Plaintiff support the conclusion that Plaintiff has not yet served his sentence. Thus, he is "in custody" for habeas purposes. See Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) ("[A] convict released on his own recognizance pending execution of his sentence is 'in custody' because he is obligated to appear at times and places ordered by the court.").

1  IT IS ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis is GRANTED.
2  IT IS FURTHER ORDERED that Plaintiff's complaint be DISMISSED WITHOUT
3  PREJUDICE.

5  DATED this 1/4/06.

8  Roslyn O. Silver
   United States District Judge